IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 1:18-00093

MICHAEL JUSTIN BAILEY and
SARAH K. BAILEY


## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Michael Justin
Bailey's motion to accept his motion to dismiss out of time and
to continue the trial until his motion to dismiss is resolved.
(ECF No. 34).  In support of the late-filing of his motion and
the need for a continuance, Bailey states that the law in this
area is evolving on certain fronts and that, although he has been
engaged in ongoing plea negotiations with the United States, he
has determined that the court's subject matter jurisdiction as to
certain counts is in question and a ruling by this court as to
the threshold jurisdictional issue is needed.  Counsel for Mr.
Bailey states that neither the United States nor his co-defendant
object to the late filing of his motion to dismiss or his request
for a continuance of the trial date.

Because failure to grant the requested continuance would
likely result in a miscarriage of justice, the court finds that
the ends of justice outweigh the best interest of the defendants
and the public in a speedy trial, see 18 U.S.C. § 3161(h)(7)(A),
and **GRANTS** defendant's motion to continue.  In deciding to grant

the motion to continue, the court considered the factors outlined in 18 U.S.C. §3161(h)(7)(B) and found that the nature of the prosecution makes it unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. The court further finds that failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, the court hereby **ORDERS** as follows:

1.  Defendant's motion to accept the filing of his motion to dismiss out of time is **GRANTED**. The Clerk is directed to docket the motion to dismiss (attached as an exhibit to the instant motion) where it should be denoted as a motion pending before the court.

2.  The government's response to the motion to dismiss, if any, is due no later than October 1, 2018. Bailey's reply, if any, is due no later than October 8, 2018;

3.  A hearing on the motion to dismiss is **SCHEDULED** for October 23, 2018, at 10:30 a.m., in Bluefield;

4.  Trial of this action is continued until December 5, 2018, at 9:30 a.m., in Bluefield. Jury instructions and proposed voir dire are to be filed by November 28, 2018; and

5.  Pursuant to 18 U.S.C. § 3161(h)(7)(A), the time from the filing of the motion until the trial is excludable for purposes of the Speedy Trial Act.[1]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED this 24th day of September, 2018.

ENTER:

David A. Faber
Senior United States District Judge

---

[1]  The court notes that, for purposes of determining compliance with the Speedy Trial Act, "in cases involving multiple defendants only one speedy trial clock, beginning on the date of the commencement of the speedy trial clock of the most recently added defendant, need be calculated under 18 U.S.C. § 3161(h)(7)." United States v. Piteo, 726 F.2d 50, 52 (2d Cir. 1983); see also United States v. Walker, Nos. 95-5914, 96-4247, 96-4110, 1997 WL 358770, *3 (4th Cir. June 30, 1997) (quoting Piteo).